TQM

IN THE UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED
5/4/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Prentice T. Duncan
Plaintiff

16-cv-2959
case number

-vs-

Cook County Jail, etal.

Hon. Charles Norgle
Judge, Presiding

42USC Section 1983
Amended Complaint

RECEIVED
MAR 28 2016 EAG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Jurisdiction

1) This Honorable Court has Federal - Question Jurisdiction to entertain this Civil Action Complaint For Cruel and unusual punishment to 28 U.S.C section 1343, monell, et al. v Department of Social Services of the City of New York, etal. (1978), 436 U.S. at 663, 985, ct at 2022, 56L, Ed, 2d at 619.

Venue

2) The United States District Court for the northen District of ~~Illinois~~ Illinois in the eastern Division is the proper venue pursuant to 28 U.S.C section 1391, due to the fact that it is the situs of the material events giving rise to this complaint, E.g, Robert Boyd, etal. v. Donald Snyder, etal. Case 99C56, 44F, supp. 2d 966, 1999 U.S Dist. Lexis 6219 (N.D.Ill. 1999)

(3) The united states Supreme Court holds allegations presented by (prose) litigants to less stringent standards than formal pleadings drafted up by lawyers. Haines v. Kerner, et al. (1972), 404 U.S. 519, 92 s ct, 594. 30 L, Ed, 2d, 652, 1972 U.S Lexis 99.

---

(4) Plaintiff brings this cival action for unsanitary filthy living conditions at the Cook County Jail constituting cruel and unusual punishment in violation of the eigth amendment of the united states Constitution, and in violation of the fourth amendment of the United States Constitution.

(5) plaintiff writting the court to let them know he has written sevral grievance's about the living conditions and about being re located but to no avail, leaving this matter unresolved and abandonded.

(6) plaintiff has work experience in building material department at the home depot, plaintiff have learned how to deal with mold and rust, Mold nor rust can be sanitized it must be removed in order to keep from spreading to other areas. You must replace the modded area's with new dry wall or if it's rust it must be replaced with sheet metal and if the rust is on a pole like support to hold up the building you would have to use a liquid chemical to put on a rusted stilt to keep the rust from eating away at it.

(7) if you refuse to properly mantain the mold or rust by painting over it or trying to sanitize it with improper chemicals the mold or rust only will resurface and spread to other areas that's not infected making the problem worse.

(8) plaintiff and other detainees went days without being able to even properly clean the living area's nor the rat droppings that reside on the cat walk and in the cells. The mold and rust on the wall and in the shower is impossible to reframe from having contact with causing skin irratation and rashes. when asked to recieve cleaning supplies the officer seems never to be able to come up with any. Sometimes detainees are subject to facility lock downs and have to remain in the cell around the rat droppings also having to eat in a very unsanitary environment that has mold and rust flying in the air constintly.

(9) plaintiff has witnessed Department of Justice personell come and do a inspection of the jail on sevral occasions only to be tricked by the diffrent correctional officers like there is nothing wrong with the living conditions. It has been brought to the Department of Justice about the mold, rust, and outrageous pest (mice) problems but the Cook County Jail staff seem to always cover up the actual problem(s).

(10) there has been many attempts to clean the mold by power wash twice a month but to no avail, it only washes away some of the mold (fungus) temporally. The mold is spreaded every time the shower is occupied (wich is everyday) leaving a green like substance on the bars and in the walls of the shower. The people that come to address this issue works for Cook County Jail and will cover up the mess to keep their job.

(11) plaintiff is asking for the court to do their own inspection by sending out a private inspector so it can be seen first had how bad the living condition are. I would respect if there was no notic cation that the inspector was comming to get a proper inspection. The Cook County Jail will try to clean up and only show special parts of the jail to cover the flaws. D.O.J has failed to come unexspected.

(12) The mold and rust has been power washed only to show the D.O.J that they are trying but that does nothing but hides the truth. The entire building was labeled condemned but yet in still detainees live in this modled, and pest infected building.

(13) with respect to Defendant Tom Dart [illegible] local government officials sued in their official Capacities are "persons" under Section 1983 in those cases in which, as here, a local government would be suable in it's own name. Monell, etal v. Department of Social Services of the ~~city of New York etal. (1978), 436 US. 658. 691.~~ Foot note 55.

(14) with respect to Defendant Toni Preckwinkle president of The Cook County Board of Commissioners. they respresent a unit of local government as constitutionally defined pursuant to article 7 section 1 of 1970 Illinois state constitution.

(15) The Cook County Board of Commissioners also represent a body politic. Monell, etal. v. Department of Social services of the city of New York. et al. (1978). 436 US. at 689, 985, ct at 2035.

(16) Through the Fourteenth Amendment of the United States constitution... Cites and corporations of all sorts. after years of Judical conflict have become thoroughly established to be an individual or person or entity of the personal existence of which, as a citizin, individual, or inhabitant, the United States Constitution does take note and endow with facilty to sue and be sued in the court of the United States. Monell, etal. v. Departments of Social Services of the city of New York, etal. (1978). 436 US. 658, 688. Foot note 50.

(17) Defendant Tom Dart is an independently elected County officer as established pursuant to article 7 section 4(c) of the 1970 Illinois State Constitution.

(18) Defendant Tom Dart is being sued in his official capacity... "a suit against an officer in his official capacity is a suit against the government entity for which the officer work". Terrance Lamont Garrett v. Thomas Dart, et al. Case # 09-Cv-1398, 2010 U.S. Dist. lexis 67965 * 8 (N.D. Ill. 2010) Citing Kentucky v. graham (1985), 473 U.S 159, 165, 105S. ct. 3099, 87L, Ed. 2d 114.

(19) Illinois law establishes that the sheriff is an "independently elected county officer and is not an employee of the Cook County in which the Sheriff Serves." Carver v. Sheriff of lasalle County, 203 ILL. 2d 497, 787 N.E. 2d 127, 136. 272 Ill. Dec 312 (2003).

(20) In Carver v. sheriff of la salle County, 324 F.3d at 948 (USCA-7th Cir. 2003) held that 745 ILCS 10/9-102 requires a county to pay for a judgement entered against the county sheriff in his official capacity

(21) It is the responsibility of the sheriff to appiont and hire deputies pursuant to 55 ILCS 5/3-6008 (west 2000).

(22) It is the responsibility of the sheriff to act as custodian of the county court house and Jail pursuant to 55 ILCS 5/3-6017 (West 2000).

(23) It is the responsibility of the sheriff to act as the ~~county's supervisor of safety pursuant to 55 ILCS~~ 5/3-6035 (West 2000).

(24) The sheriff office is Financed by public funds, appropriated to that office by County board pursuant to 55 ILCS 5/4-6003 (West 2000) (the County board "Shall Fix the compensation of sheriff, with the ammount of their necessary clerk hire, stationary, fuel, and other expenses".

(25) pursuant to 55 ILCS 5/5-1106 (West 2000). County board is obligated to "provide proper room and offices for the accomodation" of the sheriff, as well as "reasonable and necessary expenses for the use of the sheriff.

(26) ... a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer *** and because state law requires the county to pay, federal law deems it an indispensable party to the litigation." Carver v. sheriff lasalle County, 324 F 3d at 948 (USCA 7th Cir. 2003), Cited by Terrance Lamont Garrett v. Thomas Dart, etal case # 09-CV-1398, 2010 US. Dist. lexis 67965 *9 (N.D. Ill. 2010).

(27) There by, in the plaintiff case,... both the sheriff and Cook County are necessary parties". Terrance Lamont Garrett v. Thomas Dart, et al, Case # 09-cv-1398, 2010 US Dist, lexis 67965 *10 (N.D. Ill. 2010); see also Askew v. Sheriff of Cook County, Ill., 568 F. 3d 632, 636 (USCA-7th Cir 2009)

(28) Civilaction plaintiff has filed a grievance in relation to this issue regarding the unsanitary Filthy living conditions at the Cook County Jail.

(29) Civilaction plaintiff is suing Defendant Cook County Sheriff Tom Dart in his official capacity and is seeking punitive Damages in the amount of $ ~~[illegible]~~ 300,000 (Three hundred thousand dollars).

(30) Civilaction plaintiff is suing Defendent Cook County Board of Commissioners in their official capacity and is seeking punitive Damages in the amount of $300,000 (three hundred thousand dollars)

(31) civil action plaintiff does demand that this 42 U.S.C section 1983 Complaint be tried by a Jury.

(32) This Amended Complaint is supported by verification.

(33) Cerificate of service is Attached.

wherefore, Civil Action plaintiff hopes and prays that this Honorable court will grant his relief and sustain his complaint

Respectfully Submitted

Dated: March | 22 | 2016

/s/ Prentice Duncan

Prentice T. Duncan
Booking # 20140820272
(Prose) Plaintiff
Cook County Jail

if need to contact

relation, grandma
Mary Bournes
773-826-7899

relation, mother
Latricia Holliman
515-505-6230

I, Prentice Duncan the undersigned prose plaintiff pursuant to 28. U.S.C Section 1654 (1970), Solemnly swear under penalty of perjury, through the underlying provisions contained with in the Illinois Code of civil procedure - pursuant to 735 ILCS 5/1-109, and the Illinois Code of Criminal procedure pursuant to 720 ILCS 5/32-2, that I prepared copies of the attached 33-paragraph civil action amended complaint pursuant to 42 U.S.C Section 1983, said pleading signed by me persuant to Fed R.C.V.P 11. I here by affirm that the facts stated in this civil action complaint are true to the best of my knowledge, information and beli , I verify that the foregoing is all true and correct in substance and in fart. execeeted at the cook county Jail in chicago, Illinois on the Date of

Prentice Duncan

/s/ Prentice Duncan
booking # 20140820272
Cook County Jail
Po box 089002
Chicago, IL 60608

I, Prentice T. Duncan, the undersigned solemly swear under penalty of perjury, through the underlying provisions contained with the Illinois Code of cival procedure pursant to 735 ILCS 5/1-109, and the Illinois-Code of criminal procedure pursuant to 720 ILCS 5/32-2, that I prepared copies of the attached 33 paragraph cival action amended complaint pursuant to 42 U S.C section 1983, correctly addressed to the above named addresses, along with proper prepaid First Class US postage of Fixed to two separate manila legal envelopes, and placed both of them in the outgoing mail at the Cook County Jail on the date of March/22/2016 I here by certify that the forgoing is all true and correct in substance and in fact.

Dear clerk;
please send one file stamped copy back to civil action plaintiff
Thank you very kindly in advance.

/s/ Prentice Duncan
Booking # 20140820272
Cook County Jail
P.O. Box 089002
Chicago, Illinois, 60608

CC ill file / Federal Court clerk / State's Attorney

Certificate of Service

To Addresses Named Below:

#1 Prisoner Correspondence Clerk
United States District Court
219 South Deaborn Street
20th Floor
Chicago Illinois 60604

#2 Cook County
Anita Alvarez
State's Attorney
50 West Washington Street
Suite 309
Richard J. Daley Center
Chicago, Illinois 60602

#3 Tom Dart
Sheriff
50 West Washington Street
suite 704
Richard J. Daley Center
Chicago, IL 60602